# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:15-mj-8565-PCL-GPC-2 |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO STAY** |
| v. | [ECF No. 27] |
| RITA JOAN BRIDGES, | |
| Defendant. | |

On June 26, 2015, Defendant Rita Joan Bridges ("Bridges") filed an appeal of Magistrate Judge Lewis's imposition of drug testing as a condition of pretrial release. (ECF No. 25; *see also* ECF No. 28 (Order Setting Conditions of Release).) Also on June 26, 2015, Defendant filed an Emergency Motion to Stay the Magistrate Judge's Order Modifying Condition of Pre-Trial Release. (ECF No. 27.) The government has filed an opposition to Bridges's motion to stay. (ECF No. 32.)

To obtain a stay pending appeal, the moving party bears the burden of demonstrating that: (1) there are "serious questions going to the merits"; (2) "a balance of hardships tips sharply towards the [moving party]"; (3) "there is a likelihood of irreparable injury" in the absence of a stay; and (4) a stay "is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134–35 (9th Cir. 2001). As the Ninth Circuit has since clarified regarding whether there exist "serious questions going to the merits," a party moving for a stay "must show, at a minimum, that she has a substantial case for relief on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011).

With regards to the merits, Bridges relies on *United States v. Scott*, 450 F.3d 863 (9th Cir. 2005). (ECF No. 27-1, at 3–5.) Bridges argues that: (1) "there is no evidence that the items found in Ms. Bridges's home belonged to her," (2) Judge Lewis "acknowledged that Ms. Bridges's [sic] shares her home with at least one other person, and the Complaint alleges that two other individuals had access to her residence," and (3) "the government presented no evidence that Ms. Bridges's alleged drug use would affect her ability to appear in court as required." (ECF No. 27-1, at 3–4.) The government responds that Judge Lewis "plainly had probable cause sufficient to impose pre-trial drug testing" because "[f]ederal agents executing a search warrant discovered drugs and drug paraphernalia in Bridges's home, which at the time of the search was occupied only by Bridges." (ECF No. 32, at 1.)

As the Court previously noted in its order requiring a response, "Bridges has not presented any evidence outside of citations to the complaint, . . . even though a hearing was held before Magistrate Judge Lewis. (ECF No. 30, at 1; *see also* ECF No. 27-1, at 2, 4 (citing ECF No. 1).) Because Bridges has presented no evidence to support her claim that there are "serious questions going to the merits," such as a transcript of the hearing before Judge Lewis,[1] the Court finds that Bridges has failed to meet even the minimal standard articulated in *Leiva-Perez*. Accordingly, the Court **DENIES** Bridges's Motion to Stay, (ECF No. 27.)

**IT IS SO ORDERED.**

DATED:  June 29, 2015

HON. GONZALO P. CURIEL
United States District Judge

---

[1] The Court notes that while Bridges argues that the drug testing condition "was added [] without notice to defense counsel," she admits that her counsel "objected to the modification" and "argued that the government failed to present any evidence that Ms. Bridges owned the alleged contraband." (ECF No. 27-1, at 1–2.)